[Civ. No. 3797. First Appellate District, Division Two.—July 28, 1921.]

EMMA C. MOBLAD, Appellant, v. WESTERN INDEM-NITY COMPANY OF DALLAS, TEXAS (a Corporation), Respondent.

[1] AUTOMOBILE INSURANCE—INDEMNIFICATION AGAINST LOSS FROM COLLISION WITH ANOTHER OBJECT — OVERTURNING ON EDGE OF ROAD.—Under an insurance policy indemnifying against loss or damage to an automobile caused "solely by collision with another object," no recovery can be had because of the turning over of the automobile on the edge of a road without striking or colliding with any object other than the ground.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry A. Jacobs and G. B. Blanckenburg for Appellant.

Eugene F. Conlin for Respondent.

LANGDON, P. J.—The only question presented upon this appeal is as to the construction of the following clause of a policy of insurance: "In consideration of an additional premium of $50, this policy is hereby extended to indemnify the assured against loss or damage to any automobile described in the schedule of statements, including operating equipment while attached thereto, *if caused solely by collision with another object*, while such automobile is used as described in said schedule. . . . " The plaintiff and appellant

was the owner of the automobile covered by said policy of insurance. The automobile was damaged as the result of an accident. The question presented is: Was said damage caused solely by collision with another object within the meaning of the clause above quoted?

The facts with reference to the accident were found by the trial court to be: "While plaintiff's automobile was being driven by a person over the age of twenty-one years, along the Sky-line Boulevard, in Redwood Canyon, Alameda County, California, on the said thirteenth day of October, 1918, the driver of said automobile, to avoid striking another automobile, swerved to the outer edge of the roadway, and said roadway gave way, causing said automobile to run down an embankment, and, after leaving said roadway, to overturn, and roll down the side of a mountain. That plaintiff's said automobile did not strike or collide with any object upon the said roadway, nor did said automobile strike or collide with any object upon the said embankment or mountainside prior to the time said automobile overturned; that after overturning, said automobile rolled down the side of said mountain, and, in so rolling, came in contact with the ground and such objects as lay thereon; that none of the objects with which said automobile came in contact caused said automobile to leave the roadway or to go down said embankment, or caused said automobile to overturn, and that said automobile did not in leaving said roadway, or in overturning and rolling down said mountainside, collide with or hit any tree or fence, but that said automobile upon overturning, and in the course of rolling down said mountainside, came in contact with the ground along said mountainside, and at the bottom of the canyon and brush and shrubbery and other objects on the ground upon said mountainside and bottom of canyon."

These findings are sustained by the testimony of plaintiff's own witnesses, and from them the trial court concluded that the damage to the automobile was not caused "solely by collision with another object."

[1] We are cited to no case in this state where the facts are similar to the facts of the present case, but our attention has been called to the recent case of *Bell* v. *American Ins. Co.*, 173 Wis. 533, [181 N. W. 733]. There, the plaintiff, while operating and endeavoring to turn his car, backed

upon some soft ground and the automobile gradually settled into the ground and tipped over. An action was brought to recover damages for injury resulting to the automobile by its coming ·into contact with the ground at the time of the upset. Plaintiff's claim arose out of a policy which insured him against damage resulting to his automobile "by being in accidental collision with any other automobile, vehicle or object." The court said: "While it is true that insurance contracts should be construed most strongly against the insurer, yet they are subject to the same rules of construction applied to the language of any other contract. It is a fundamental rule that the language of a contract is to be accorded its popular and usual significance. It is not permissible to impute an unusual meaning to language used in a contract of insurance any more than to the language of any other contract. The incident causing the damage to the automobile here in question is spoken of in common parlance as an upset or tip-over. If it were the purpose to insure against damage resulting from such an accident, why should not such words, or words of similar import, have been used? We cannot presume that the parties to the contract intended that an upset should be construed as a collision in the absence of a closer association of the two incidents in popular understanding." (See, also, *Stuht* v. *United States Fidelity & Guar. Co.,* 89 Wash. 93, [154 Pac. 137]; *Wettengel* v. *United States Lloyds,* 157 Wis. 433, [Ann. Cas. 1915A, 626, 147 N. W. 360].)

In the instant case, the damage to plaintiff's car was caused proximately by its turning over on the edge of the road. Its subsequent revolutions and consequent damage were but the operation of physical laws set in motion when it turned over on the edge of the road. The proximate and only cause of the accident was not a collision, but the upsetting of the automobile.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 26, 1921, a majority of the Justices not having assented to the granting of the petition.