## NEW JERSEY INS. CO. v. YOUNG. ·

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923.)

No. 3969.

1. **Insurance** ⬤⟶424—**"Object" with which collision may occur held not limited by rule of ejusdem generis.**

In a policy insuring an automobile against damage from collision with another automobile, vehicle, or object, the noun "object" should be construed as including something of a different character from what is included in the specific words, and the doctrine of ejusdem generis cannot properly be applied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Object.]

2. **Insurance** ⬤⟶424—**"Collision" within the policy held not to include striking road after axle broke.**

In a policy insuring an automobile against collision with an object, the word "collision" refers to the automobile striking some object in or along the road, and does not include the striking of the road with the body of the automobile when the front axle broke.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collision.]

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action at law by C. W. Young against the New Jersey Insurance Company. Judgment for plaintiff (284 Fed. 492), and defendant brings error. Reversed and remanded, with directions to enter a judgment for defendant.

George F. Shelton and Earle N. Genzberger, both of Butte, Mont., and James W. Freeman, of Great Falls, Mont., for plaintiff in error.

Joseph P. Donnelly, of Havre, Mont., and Louis P. Donovan, of Shelby, Mont., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. A judgment was rendered in favor of Young upon a policy issued by the plaintiff in error, insuring Young against "direct loss or damage" to his automobile, caused by an accident as hereinafter stated. As the case turns upon the meaning of the collision clause of the policy, we quote so much thereof as is necessary:

"In consideration of an additional premium of $50, this policy also covers, subject to its other conditions, damage to the automobile and/or equipment herein described in excess of $100, * * * by being in accidental collision during the period insured with another automobile, vehicle, or object, excluding loss or damage to any tire due to puncture, * * * or other ordinary tire trouble, and excluding in any event loss or damage to any tire, unless caused in an accidental collision, which also causes other loss or damage to the insured automobile, loss or damage while the automobile insured is being operated in any race or speed contest or while being operated by any person under the age of 16 years."

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The facts agreed upon are: That while Young was driving upon the public highway in Montana at about 30 miles an hour, and was crossing a coulee the front axle broke—

"and thereupon the broken axle and frame of the car was let down to the earth and plowed into the earth with great force and violence; that the force and resistance with which the automobile thus met was sufficient to cause the same to pivot and overturn; * * * that the said damage was caused by the resistance and impact with which the end of the broken axle and the front end of the car met when it thus came in contact with the earth after the breaking of the axle; * * * that immediately and for some time preceding the breaking of the axle the same was defective and was cracked, so as to substantially weaken the same; that this defect was unknown to the plaintiff and could not be detected by ordinary and careful observation."

[1, 2] It is accepted that the noun "object," as used in the collision clause, should be construed as including something of a different character from anything included in the specific words "automobile" and "vehicle," and that the doctrine of ejusdem generis cannot properly be applied. But we are unable to construe the word "collision" as including damage caused by the striking of the car upon the roadway after the defective axle broke and let the car down. The automobile was being driven upon the highway. It did not come in contact with any object upon the road or roadway until after the defective axle broke, when the car dropped and the end of the broken axle plowed into the roadway itself, and the car, pivoting on the broken axle, turned over and was damaged. In a usual sense, an accidental collision between an automobile and another object means striking against something on the road; for instance, hitting a pedestrian, or a horse, or a cow perchance straying in the road, or a rock or stump upon the roadway, or a guard rail, such as is often placed in the road at points where repairs are being made, or where the automobile hits or rubs the side of a tunnel or embankment or bridge alongside or defining the road. In other words, we think the language of the contract, when accorded the ordinary and usual meaning that should govern, does not extend to the incident under consideration, where the proximate cause was the breaking of the defective axle, and damage was not by "being in accidental collision" with an object.

In Bell v. American Insurance Co. (1920) 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179, the Supreme Court of Wisconsin construed a clause exactly like that in the policy before us, and held that, while insurance contracts should be construed "most strongly" against the insurer, yet they are subject to rules of construction applied to the language of any other contract and that the courts cannot impute an unusual meaning to the language used in such contracts, any more than to the language used in any other contract. We have read the opinion in Universal Service Co. v. American Insurance Company, 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183, in which the court differs from the decision of the Wisconsin court in the Bell Case, supra, but the reasoning of the latter case appeals more forcibly to us.

In Moblad v. Western Indemnity Co., 53 Cal. App. 683, 200 Pac. 750, the language of the policy read, "If caused solely by collision with another object." There the driver of an automobile, in order to avoid

striking another automobile, swerved to the outer edge of the roadway; the roadway gave way, causing the automobile to run down an embankment and to turn over and roll down the side of a mountain. The court held that the damage was caused proximately by the car turning over on the edge of the road, and that the proximate and only cause of the accident was not collision, but the upsetting of the automobile. In Southern Casualty Co. v. Johnson (Ariz.) 207 Pac. 987, the collision clause of the policy was like that in the case under consideration. There, to avoid collision with an automobile coming from behind, the appellee swerved and ran into an embankment alongside the road, and upset. The court held that there was a collision with the embankment, and, as the upset was the result of the collision, recovery could be had.

In Harris v. American Casualty Co., 83 N. J. Law, 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846, cited by the defendant in error, the policy covered damage resulting solely from collision with any moving or stationary object, excluding, however, damage resulting from collision due wholly or in part to upset. An automobile crashed through the guard rail on one side of the bridge, was thrown into the stream, and was turned upside down after leaving the bridge. Recovery was sustained upon the theory that the upset was caused by a collision, and that the word "object" included water of the stream and the earth beneath it.

It is unnecessary to review other cases, none of which are very close to the instant inquiry, and as the views expressed lead to the conclusion that there is no liability under the policy, the judgment is reversed and the cause remanded, with directions to enter judgment in favor of the insurance company.

Reversed and remanded.