JOHN GANS ET AL.. PLAINTIFFS, v. COLUMBIA INSURANCE COMPANY, DEFENDANT.

Submitted December 31, 1923—Decided January 21, 1924.

An insurance policy upon a flying boat, or sea plane, contained a clause covering "direct loss or damage to the plane caused by a collision with the earth, including land or .water." The plane, while flying over the sea, developed engine trouble, 'and the pilot determined to bring it down to the water, which he did, and the plane rested easily thereon. The pilot was unable to start the engine, and the boat, in a fairly heavy surf, drifted upon the beach, and was materially damaged. *Held*, that the grounding of the plane was "a collision with the earth" within the terms of the policy, and that the insured was entitled to recover from the insurer for the damages occasioned thereby.

Submitted by consent upon a stipulation of facts.

For the plaintiffs, *Edwin B. & Philip Goodell.*

For the defendant, *Wall, Haight, Carey & Harlpence.*

The opinion of the court was delivered by

MINTURN, J.   The stipulation of facts upon which the case was submitted recites *inter alia* "that a Curtis flying boat, of which the plaintiffs were owners, was proceeding under its own power upon a trip from Daytona to Palm Beach, Florida. While flying over the sea near Cape Canaveral the engine went dead, and the pilot determined to bring his flying boat to the water for the purpose of making the necessary adjustments. Upon reaching the water the plane rested easily without any damage having resulted from the landing. The pilot was unable to start his engine and drifted for four hours in the sea. Eventually he drifted onto the beach upon which a fairly heavy surf was running, and the plane by force of the breakers, upon grounding on the beach was materially damaged. The damage sustained by the wings and control surfaces was due to the action of the waves, after

the plane drifted ashore. Plaintiffs claim that the collision endorsement attached to the policy covers the damage to the flying boat, because of the waves, after the flying boat had alighted on the sea without damage."

The collsion endorsement referred to provides that "in consideration of the warranties and stipulations of this policy, and of an additional premium of $900 this policy covers direct loss or damage to the plane described herein, caused by collision with the earth [including land or water], or any object moving or stationary, except collisions occurring while the plane is in hangar or workshop, or in the care of workmen for purposes of repair, provided that each loss shall be adjusted separately, and from the amount of each loss when determined, the sum of $300 shall be deducted, and this company is liable for loss or damage in excess of such amount only."

The inquiry presented by the situation is whether the damage suffered by the plane was the result of a collsion within the meaning of the policy. With the coming of the gasoline motor, the word "collision" under variant circumstances, in different jurisdictions, has received judicial interpretation, and there is obvious difficulty in reconciling many of the judicial definitions thus evolved, with the fundamental common-place meaning of the word as we were wont to apply it in ordinary and popular acceptation. Hence, we have presented upon the comprehensive briefs of learned counsel, adjudicated cases from courts of high distinction, from whose reasoning and analysis a decision *pro* or *con* as to legal application of the term may be sustained and vindicated in almost any eventuality. However, in this jurisdiction, to which we must primarily look, the difficulty has largely evaporated by the determination of the Court of Errors and Appeals in *Harris* v. *American Casualty Co.*, 83 *N. J. L.* 641, wherein the learned Chancellor defines the terms as synonymous with "violent contact;" and declares that both bodies need not be in motion in order that the condition of colliding may ensue within the meaning of an automobile policy, so as to produce the legal status of a

collision; and the doctrine of interpretation involved in Coke's maxim, *Verba chartarum fortius accipiuntur contra preferentium,* is therein emphasized as a rule of interpretation applicable in all cases of doubt arising under debatable language of an insurance contract. The difficulty in the case at bar in the light of that determination, however, may be solved by a consideration of the general language of the provision of the policy itself. It will be observed that liability exists in the event of a collision with the earth (including land or water).

In applying this language we may say *non constat,* the plane might have kept afloat for hours upon the open sea, if for some reason not disclosed by the stipulation it had not come in contact or collision with the destructive conjunctive elements of land and ocean. In comprehensive language the policy provides expressly that the colliding force may be "any object moving or stationary," and excepts only two situations, neither of which admittedly has application here. We thus have a policy in generic terms, covering damage "caused by collision with the earth [including land or water] or any object moving or stationary;" and emphasizing, so to speak, this comprehensiveness of scope by excepting only two situations to which this language shall not apply. Were there a doubt as to the applicability of this provision, as a solution of the inquiry here presented, such doubt under the rule of construction to which reference has been made must be resolved in favor of the insured. *Connell* v. *Com. Casualty Co., 96 N. J. L.* 510.

The result follows that judgment may be entered in favor of the plaintiffs, for the amount of the claim conceded by the parties to be due, under this provision of the policy.