DORÉ, Judge.
This case arises from a Standard Automobile Policy issued by defendant to plaintiffs on March 10, 1948 covering a 1948 Chevrolet 2-ton dump truck that was purchased new in March, 1948. Subject to other provisions in the policy it covered "Loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile”, and carried a $100 deductible clause. Plaintiffs offered the policy in evidence along with two repair estimates. Counsel for plaintiffs and defendant entered into and submitted the case on an agreed statement of facts which sets forth, in so far as the happening of a collision is concerned, the following:
“On November 23, 1948 the motor vehicle in question, while loaded with sand, was being driven at a reasonable rate of speed in a westerly direction on Greenwell Springs Road, Parish of East Baton Rouge, State of Louisiana, by an employee of the owners, Hulon L. Jenkins; that an accident occurred when, for unknown cause or reason, the right rear dual wheels of the truck became disengaged from the body or chassis, thereby causing the rear portion of the truck to come into sudden and violent contact with the roadbed and said truck skidded or twisted along the highway a distance of approximately SO feet.”
On the same page of the policy where the insuring agreement and coverage clause quoted above appeared, there appeared also, and in the same size type, a paragraph of “Exclusions” which set forth, inter alia, that:
“This policy does not apply:
* * * * * *
“(d) Under any of the coverages, to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy.”
Before filing an answer the defendant had filed the dual exception of no cause of action and no right of action, based on the premise that the “accident” sued on was not a “collision” within the meaning of the policy and that the damage suffered was caused by a mechanical defect and was therefore excluded from coverage. The trial court referred the exception to the merits, and after answer was filed and the case submitted rendered judgment for *616 plaintiffs based on the amount of plaintiffs’ lowest estimate less the $100 deductible under the policy. Defendant appealed sus-pensively.
In his reasons for judgment the trial judge quoted from and referred at length to numerous cases from other jurisdictions touching on the question whether an unusual impact between an automobile, or part of it, and the roadbed on which it was travelling can be considered as constituting a “collision” within the meaning of an automobile policy’s collision clause. He found that there is a wide conflict in the decisions throughout the land in construing the term “collision with another object”, but concluded that the weight of authority allowed recovery in such a case as this one.
Nothing could be gained by reviewing here the many conflicting decisions on this point. Suffice it to say that we do not agree with the trial judge as to what should control the decision here. He quoted from one Louisiana case, Brown v. Union Indemnity Co., 1925, 159 La. 641, 105 So. 918, 54 A.L.R. 1439, and then tried to distinguish that case from the present one on the ground that there the damage was caused by “up-set” of the car, which was apparently not covered by the policy, rather than 'by “collision”, which was covered by the policy.
In the Brown case the plaintiff’s driver had swerved his car suddenly to avoid collision with other cars; in doing this plaintiff’s car tipped over and came into violent contact with the surface of the road, breaking the body of the car and otherwise doing damage. Our Supreme Court, after reviewing the numerous conflicting decisions on the point, concluded that this did not constitute a “collision” within the meaning of the policy and gave judgment for the defendant insurer. One of the cases influencing that decision was Young v. New Jersey Insurance Co., decided in favor of plaintiff by the U. S. District Court in Montana, 284 F. 492, and then reversed by the Ninth Circuit Court of Appeals in 290 F. 155, 156. There the car while being driven on' the highway was damaged by the breaking of the front axle and the dropping of the broken axle and frame to the roadway, where they caught, causing the car to overturn and strike the ground with great force.
In discussing the question presented, the United States Circuit Court of Appeals said in its opinion:
“But we are unable to construe the word ‘collision’ as including damage caused by the striking of the car upon the roadway after the defective axle broke and let the car down. The automobile was being driven upon the highway. It did not come in contact with any object upon the road or roadway until after the defective axle broke, when the car dropped and the end of the broken axle plowed into the roadway itself, and the car, pivoting on the broken axle, turned over and was damaged. In a usual sense, an accidental collision between an automobile and another object means striking against something on the road; for instance, 'hitting a pedestrian, or a horse, or a cow perchance straying in the road, or a rock or stump upon the roadway, or a guard rail, such as is often placed in the road at points where repairs are being made, or where the automobile hits or rubs the side of a tunnel or embankment or bridge alongside or defining the road. In other words, we think the language of the contract, when accorded the ordinary and usual meaning that should govern, does not extend to the incident under consideration, where the proximate cause was the breaking of the defective axle, and damage was not by ‘being in accidental collision’ with an object”.
One of the latest and most pertinent judicial expressions on the question before us is to be found in Great Eastern Casualty Co. v. Solinsky, decided by the Supreme Court of Tenness.ee in 1924, 150 Tenn. 206, 263 S.W. 71, 35 A.L.R; 1007. In that case the policy insured the policyholder against loss by reason of damage or destruction of his automobile “if caused solely by colli *617 sion with another object either moving or stationary”. There the driver of insured’s car suddenly applied the brakes in responding to what he thought to he a signal light to stop at a railroad crossing. Upon the application of the brakes the car skidded, swerving and reversing its position. Its right rear wheel collapsed, and it was precipitated on its right side upon the roadbed. The court held that there was no collision within the meaning of the policy; there being nothing in the road but a little loose gravel. The court reached its conclusions, after reviewing the following cases, viz.: Bell v. American Ins. Co., 173 Wis. 533, 181 N.W. 733, 14 A.L.R. 180; N.J.Ins. Co. v. Young, 9 Cir., 290 F. 155; Moblad v. Western Indemnity Co., 53 Cal.App. 683, 200 P. 750; Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814; Ploe v. International Indemnity Co., 128 Wash. 480, 223 P. 327, 35 A.L.R. 999; London Guaranty & Acc. Co. v. Sowards; Harris v. American Casualty Co., 83 N.J.L. 641, 85 A. 194, 44 L.R.A.,N.S., 70; Universal Service Co. v. American Ins. Co., etc., 213 Mich. 523, 181 N.W. 1007, 14 A.L.R. 183; Wetherill v. Williamsburgh Fire Ins. Co., 60 Pa.Super. 37; Hardenburgh v. Employers’, etc., Corp., 78 Misc. 105, 138 N.Y.S. 662; T. C. Power Motor Car Co. v. U. S. Fire Ins. Co., 69 Mont. 563, 223 P. 112, 35 A.L.R. 1028; Stix v. Travelers’ Indemnity Co., etc., 175 Mo.App. 171, 157 S.W. 870; Columbia Ins. Co. v. Chatterjee, 93 Old. 249, 219 P. 102; and Gans v. Columbia Ins. Co., 1924, 99 N.J.L. 44, 123 A. 240.
The court specially approved the Young, Bell, and Ploe cases, and 263 S.W. at page 74 of the opinion, 150 Tenn. 217, said:
“The thought expressed in the above cases is that the collision clause refers to some other object than the road upon which the automobile is being operated. Being already upon the road, and in contact with it, there can be no collision in the sense that the term contemplates two separated objects coming together.”
It seems apparent that our Supreme Court in its decision in the Brown case, supra, was guided by the Young case, supra, and the principle set forth in the ■above-cited jurisprudence. We feel that we are bound by the decision of the Supreme Court in the Brown case in, passing upon the case at bar. In the Brown case it is true that the contact of the side of the car with the road surface was the result of the car tipping over, whereas, in the instant case, the contact with the roadbed was caused by the right rear dual wheels of the truck becoming disengaged from the body or chassis; but, the fact remains that in the instant case, as in the Brown case, there was no collision as defined by the jurisprudence adopted by the Supreme Court in its decision.
Therefore, paraphrazing the language of the Supreme Court in the Brown case, it is our conclusion that the defendant company is not liable on the policy sued on herein. To hold otherwise would be to give the language of the policy a strained and unnatural construction, and one that in our judgment was not contemplated by the parties. The so-called collision alleged by plaintiff was the contact of the truck with the roadway caused by the disengaging of the dual right wheels from the truck’s body or chassis. Now it is a matter of common understanding that a truck, to be of any practical value and utility, must travel on streets and roads. In order to do so, it is necessarily, at all times, in contact with the surface of the street or roadway. If one of the wheels /became disengaged, thereby causing a portion of the truck to come in contact with the roadbed, the effect is merely to transfer the point of contact from its wheels to that portion of the truck or chassis. We do not think that such circumstance can be said to be a collision in popular understanding of the word and within the meaning of the policy.
For the reasons set forth the judgment of the lower court is reversed and judgment is rendered for defendant, dismissing plaintiffs’ suit at their costs.