70 So.2d 111

ALBRITTON et al.

v.

FIREMAN'S FUND INS. CO.

No. 41133.

Dec. 14, 1953.

Rehearing Denied Jan. 11, 1954.

Durrett & Hardin, Ashton L. Stewart, Baton Rouge, for plaintiffs-appellants.

R. Paul Greene, Baton Rouge, for defendant-respondent.

McCALEB, Justice.

This is a suit on a standard automobile policy to recover the damages sustained by plaintiffs' dump truck as the result of an accident occurring on November 23rd 1948 when the right rear dual wheels of the truck, which was being driven at a slow rate of speed and in a prudent manner on the Greenwell Springs road in East Baton Rouge Parish, became disengaged from its body or chasis, for some unknown cause or reason, and caused the rear portion of the truck to come in sudden and violent contact with the roadbed of the highway.

The cause of action is founded upon a clause contained in the policy covering

"Loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile".

In the district court, there was judgment in favor of plaintiff for $749.48, the judge holding that an impact between the body of the truck and the roadbed of the highway constituted a "collision" within the meaning of the above quoted clause. On appeal, this decree was reversed by the Court of Appeal, First Circuit, see La.App., 61 So.2d 615 and, on plaintiffs' application, we granted certiorari.

The narrow issue for determination is whether the damage to plaintiffs' truck was the result of a collision of the truck with another object.[1]

"Collision", which is generally defined as "the state of having collided", is a word of broad import. The verb "collide" means "to clash"; "to strike or dash against each other"; "to come violently into contact"; "encounter with a shock". See Webster's New International Dictionary, 2nd Ed., Unabridged and The New Century Dictionary, Vol. I. Thus, the noun "collision", according to lexicographers, is "striking together" or "striking against" and, in construing insurance policies of this sort, many of the courts have applied this definition. See 5 Am.Jur. Verbo "Automobiles", Sec. 555; Annotation in 23 A.L.R.2d 393–426 at page 397 and Blashfield, Cyclopedia of Automobile Law and Practice, Vol. VI, Sec. 3691.

Hence, it would ordinarily seem to follow that, in policies which insure against collision with other objects without any limitation as to their kind or character, coverage would be provided for any loss incurred by the automobile coming in contact with anything which could be described as an object, irrespective of whether it was a

1. The insurance company also contended in the district court that, even if there was a collision, there could be no recovery in view of a policy provision that the insurer's obligation to pay does not apply to any damage due and confined to me- chanical breakdown or failure. The point has not been urged here either in oral argument or brief. Under the circumstances, we assume that it has been abandoned.

moving or stationary force. Haik v. United States Fidelity & Guaranty Co., 15 La.App. 97, 180 So. 118.

■ An insurance policy is a contract under the law and the rules established by our LSA–Civil Code for the interpretation of aggreements are applicable. See Article 1945 et seq. Accordingly, if the words of the policy are clear and express the intent of the parties, the agreement is to be enforced as written. LSA–Civil Code Articles 1901 and 1945. But, if there is any ambiguity or doubt, the court must endeavor to ascertain the common intention of the parties by reference to other phrases or words of the agreement or by other similar contracts of the parties, Articles 1948, 1949 and 1950, LSA–Civil Code, bearing in mind that, if a clause or word is susceptible of more than one interpretation, it is to be understood in the sense that would make the obligation effective, Article 1951, LSA–Civil Code, and, additionally that doubtful language is to be construed against him who has contracted the obligation. Article 1957, LSA–Civil Code. Our law, therefore, conformable with the universal rule applicable to contracts of insurance, is that all ambiguities must be construed in favor of the insured and against the insurer. See Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Hemel v. State Farm Mut. Auto Ins. Co., 211 La. 95, 29 So.2d 483; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9 and Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777.

■ Applying these rules of construction to the case at bar, it seems patent that, if the word "collision" be interpreted in its usual concept, its scope is such that it necessarily includes an impact of the body of the vehicle with the highway on which the vehicle was travelling as we entertain little doubt that the ground or anything visible or tangible is another object. See Haik v. United States Fidelity & Guaranty Co., supra. And this, despite an existing diversity of opinion among the courts throughout the country as to whether water and land are objects within the meaning of automobile collision policies. See Appleman, Insurance Law and Practice Vol. V, Sec. 3201–3202; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. VI, Sec. 3695; Huddy, Cyclopedia of Automobile Law, Vol. 13–14, Sec. 234 and 45 C.J.S., Insurance, § 797, page 837.

Counsel for the insurance company takes the position, however, that the parties intended that the word "collision", as used in the policy, be applied in a more restricted sense, that is, to impacts between the truck and a pedestrian, a horse, a cow, a rock or a stump upon the roadway and the like but not to any damaging contacts between the vehicle and the road on which it is travelling. And in support of this contention, counsel profess that the decision in this case is controlled by our ruling in Brown v. Union Indemnity Co., 159 La. 641, 105 So. 918, 54 A.L.R. 1439. The Court of Appeal sustained this view.

We find it difficult to deduce, from an examination of the entire policy, that it was evident that the parties intended, in providing for coverage against loss resulting from collision, to attach a limited or restricted meaning to the word so that it would apply only to impacts between the vehicle and certain unspecified objects. Indeed, to adopt this construction would require, we think, that the court conclude that the word "collision", as used in the policy, is ambiguous. And, if it were so construed, we would be obliged to apply the cardinal rule that such ambiguity be interpreted most favorably to plaintiffs and against the insurer. But, as we have indicated, we see no reason for attempting to eke out a limited meaning of the word "collision" because, if defendant had desired to circumscribe its liability to certain specified types of collisions, it could have spelled out such restricted coverage in its policy. This was the view of the trial judge in concluding that defendant was responsible and we think it eminently correct.

The case of Brown v. Union Indemnity Co., supra, which is relied on heavily by the insurer and the Court of Appeal, is distinguishable from this case on the facts, although it must be conceded that there are many expressions contained in that opinion with which we are not in accord. There, the policy covered damage resulting from collision only and did not specifically include an upset of the vehicle. The damage sustained by the insured automobile resulted from its tipping over, its side coming in violent contact with the surface of the road. The court, after a painstaking review of the conflicting jurisprudence on the subject, concluded that the words "collision with another object" as used in the policy did not cover damage resulting from the impact of the side of the car with the surface of the roadway as such damage was attributable to an upset rather than a collision.

We find it unimportant to determine in this matter the soundness of the distinction drawn by the court in the Brown case between collision and upset, as this suit does not involve an upset of the truck. However, as we have stated above, the opinion in that case, in holding that an upset is not a collision within the contemplation of the policy provision, goes further than the requirements of the question posed as it discusses at length and cites with approval pronouncements from other jurisdictions in which views are expressed contrary to those which we now entertain. Since those particular observations were unnecessary to the decision and are obiter dictum, in which we do not concur, they will not be perpetuated.

For the foregoing reasons, the judgment of the Court of Appeal is annulled and it is now ordered that the judgment of the district court be reinstated and affirmed.

LE BLANC and HAMITER, JJ., dissent and assign written reasons.

LE BLANC, Justice (dissenting).

I do not agree with the construction placed in the majority opinion on the collision provision of the insurance policy herein sued on, for the reason that I do not think that it ever was intended that the collision clause contemplated a case of this kind.

In its ordinary and usual signification the word "collision" implies a violent contact or meeting of two bodies or objects and I cannot consent to the proposition that the surface of the road on which an automotive vehicle is traveling can be considered as one of the objects with which the vehicle comes in contact in order for a collision to result.

I fully agree with the proposition that a policy of insurance must be construed in the light most favorable to the insured but at the same time I cannot overlook the fact that in construing its provisions which contain words that have a very plain and ordinary meaning that such meaning should be stretched unreasonably in order to produce a favorable interpretation.

In consulting "Words and Phrases" for the definition of the word "collision", I found numerous citations in which that word was construed and find none to be as broad as the definition imputed to it in this case. One case in particular seems to be so strongly against such an interpretation that I am constrained, in support of this dissenting opinion, to refer especially to it. That is the case of New Jersey

Ins. Co. v. Young, 290 F. 155 decided by the United States Circuit Court of Appeals for the 9th Circuit. This Court attached great importance to it in deciding Brown v. Union Indemnity Co., 159 La. 641, 105 So. 918, 54 A.L.R. 1439, and quoted from it quite at length. I believe what was quoted will bear being requoted here [290 F. 156]:

"It is accepted that the noun 'object,' as used in the collision clause, should be construed as including something of a different character from anything included in the specific words 'automobile' and 'vehicle,' and that the doctrine of ejusdem generis cannot properly be applied. But we are unable to construe the word 'collision' as including damage caused by the striking of the car upon the roadway after the defective axle broke and let the car down. The automobile was being driven upon the highway. It did not come in contact with any object upon the road or roadway until after the defective axle broke, when the car dropped and the end of the broken axle plowed into the roadway itself, and the car, pivoting on the broken axle, turned over and was damaged. In a usual sense, an accidental collision between an automobile and another object means striking against something on the road; for instance, hitting a pedestrian, or a horse, or a cow perchance straying in the road; or a rock or

stump upon the roadway, or a guard rail, such as is often placed in the road at points where repairs are being made, or where the automobile hits or rubs the side of a tunnel or embankment or bridge alongside or defining the road. In other words, we think the language of the contract, when accorded the ordinary and usual meaning that should govern, does not extend to the incident under consideration, where the proximate cause was the breaking of the defective axle, and damage was not by 'being in accidental collision' with an object."

Another case also referred to in the Brown decision is that of Great Eastern Casualty Co. v. Solinsky, 150 Tenn. 206, 263 S.W. 71, 35 A.L.R. 1007, and in its comment this Court stated that the court in that case especially approved the Young case among others, and stated [159 La. 641, 105 So. 921]:

" 'The thought expressed in the above cases is that the collision clause refers to some other object than the road upon which the automobile is being operated. Being already upon the road, and in contact with it, there can be no collision in the sense that the term contemplates two separated objects coming together.' "

Very logically, in my opinion, the author of the opinion in the Brown case made this further observation:

"Now it is a matter of common understanding that an automobile, to be of any practical value and utility, must travel on streets and roads. In order to do so, it is necessarily, at all times, in contact with the surface of the street or roadway. If the car upsets or tips over, the effect is merely to transfer the point of contact from its wheels to its side or to that portion of the machine that rests upon the roadway. We do not think that such circumstance can be said to be a collision in popular understanding of the word and within the meaning of the policy."

I cannot understand how one object can collide with the same object with which it is and has been steadily in contact.

In the majority opinion the Brown case is discussed to some extent and apparently is sought to be distinguished. Considering the reasons upon which the decision was reached I cannot reconcile the holding in that case with the decision in the present case and can very well foresee the force of the impact which this decision will have on the Brown case.

For these reasons I respectfully dissent.

HAMITER, Justice (dissenting).

I agree with the conclusion of the Court of Appeal, together with the well considered reasons assigned therefor, that the impact between the truck and road bed,

which occurred because of a mechanical failure respecting the machine, did not constitute a collision within the meaning of the policy. Hence, I think that the judgment of that court should be affirmed.

I respectfully dissent.