FRUGÉ, Judge.
This is an action brought by Paul Foshee Dusting Company, Inc., against the fire insurer of one of its airplanes, Arthur Cecil Byron, underwriter at Lloyd’s, London.
On August 16, 1960, plaintiff’s airplane was being operated by its employee, Jimmy Ray Haynes. This plane, along with two others belonging to the plaintiff, was being used in crop dusting operations near Hanna, Louisiana. As Haynes was turning the plane, the plane was caught in the propwash of one of the other planes which was in front of him, causing Haynes to lose altitude. The plane made contact with the ground, crossed a ditch and then nosed over. The plane sustained damages in the landing. Shortly thereafter, the plane began burning and was totally destroyed by fire. The trial court' rendered a judgment in favor of the plaintiff. From this judgment, defendant appeals.
Defendant denies liability under an exclusion clause in the fire insurance policy which reads as follows:
“It is understood and agreed that ground risks under Section 1 — ‘Loss or damage to aircraft’ of this certificate and/or policy shall be limited to cover fire only, excluding fire while taxiing, fire in flight and fire caused by or resulting from collision or crash of the aircraft with the ground, water or any obj ect.”
Defendant contends that the fire was caused by or resulted from collision by the aircraft with the ground.
Plaintiff argues that there was no collision or crash of the airplane within the meaning of policy. It argues that the aircraft simply made a forced landing, came in level, and sustained only minor damage as a result of the landing. Plaintiff introduced evidence showing that the fire did not commence until fifteen or twenty minutes after the landing and that during that interval the pilot left the immediate area in which the plane was located after the landing and returned several minutes later and manipulated the switch of the airplane. Because of these factors, plaintiff contends that the fire was not caused by nor did it result from collision or crash of the aircraft with the ground, water or any object within the meaning of the exclusion clause of the policy.
This case depends on whether there was a “crash or collision” within the meaning of the exclusion clause of the policy and, if there was, whether the fire was caused by or resulted from the crash or collision.
In our determinations, we are-mindful of the settled rule that when there are ambiguities in an insurance policy, they are to be construed in favor of the insured-But it is also well settled that when the-insurance contract is clear in its meaning,, the court is bound to enforce the contract as it finds it. Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111.
First, we feel that there was a crash- or collision within the meaning of the policy. “The word ‘crash’ is defined in Webster’s New International Dictionary, 2d Ed., as meaning in aeronautics ‘to bring-(an airplane) down in such a way that in falling or landing the craft is damaged.’ ” James v. Federal Ins. Co., 5 N.J. 21, 73 A.2d 720, 721. The word “collide” means-“to crash”. “Collision” is “striking together” or “striking against”. In construing insurance policies, courts have used this definition of “collision”. Albritton v. Fireman’s Ins. Co., 224 La. 522, 70 So.2d 111. The plane here did not land on a regular airfield or other suitable place for landing. The landing was not one of choice for the pilot, but one of necessity. The landing caused damage to the aircraft *347 when it collided with the ground. We feel that these factors show that there was a ■“crash” or “collision” within the meaning of the policy. See James v. Federal Ins. Co., supra.
Since we have concluded that there was •a “crash or collision” within the meaning of the exclusion clause of the policy, we must now determine whether the fire was caused by or resulted from such “crash or collision”. The trial judge, in his written reasons, concluded that the fire was partly caused by the collision. But he stated that there is no mention in the policy that the plane would not be insured if the fire was partly caused by or resulted from the collision. He stated that the primary cause of the fire was the pilot’s manipulation of the switch at a time when inflammable material which had spilled in the landing was near ■enough to be ignited by the spark.
 The language used in the exclu■sion clause is clear and unambiguous and it means that fire is excluded if it is- only partly caused by a crash. The exact language of the exclusionary clause is, “ * * ■caused by or resulting from collision or ■crash.” The use of the words “resulting from” add considerably to the meaning of the exclusionary clause. Any ordinary layman would say that this fire “resulted from” the crash. The dictionary defines “result” as meaning a consequence, effect or conclusion. When one says that something is the “result”, he means that it is the termination or end of a certain process or series of events. See the many cases cited in 37A Words and Phrases, pages IIS-119. This fire was certainly the consequence, effect, conclusion, termination or end of the set of circumstances which originated with the crash.
Plaintiff relies heavily on the case of Dillard v. Continental Insurance Co., La.App., 130 So.2d 489. But that case is distinguishable from the present case. In the Dillard case, a short time after take-off the pilot noticed electrical difficulties with the plane. He landed the plane on a pipeline right of way and thereafter the plane burst into flame and was completely destroyed by fire. The fire insurance policy on the plane excluded coverage while .the plane was in motion. The court held that the loss was covered by the policy. The court stated that the loss was not caused by a peril peculiar to the aircraft while in motion, the damage did not occur until the plane was motionless, nor did the record show that the cause of the destructive fire originated while in flight. In the Dillard case, the insurance company failed to show a causal connection between the cause of the fire and the moving of the plane in flight. The present case is different. As we have discussed above, there was definitely a causal connection between the collision and the fire.
The present case is similar to the case of James v. Federal Ins. Co., supra. Although that case was decided in another jurisdiction, we feel that the reasoning of Chief Justice Vanderbilt was sound and should be adopted in the present case. In the James case, the engine of the plane did not develop sufficient power for flight on take-off. The plane was landed in a peat bog and struck a mound of dirt, breaking off a wheel and then skidding along for thirty or thirty-five feet. The propeller chewed into the ground and, when the plane came to rest, the tail was about ten feet off the ground. The peat bog was smoldering, and gasoline dripping from the carburetor overflow was ignited by the fire on the ground and the plane was destroyed. The New Jersey court held that there was a crash or collision and such was a proximate cause of the fire. The court denied recovery because the fire was within the exclusion clause of the insurance policy.
For the foregoing reasons, the decision of the district court is reversed and plaintiff’s case dismissed with costs.
Reversed.