BOUTALL, Judge.
This is an appeal by Jacob M. Liss from the granting of motion for summary judgment by his insurer, Casualty Reciprocal Exchange, dismissing his third party demand for lack of coverage over the hazard which is the subject of the main demand.
Jacob M. Liss operated “Mr. Jack’s Pizza” on the premises located at # 58 West Bank Expressway, Gretna, owned by Gattuso and Saragusa and insured by U. S. Fire Insurance Company. That insurer, under subro-gation, sued Liss, his employee, and others, alleging that a fire occurred on the premises in a pizza oven which spread through negligent acts of the employee and others. Liss in turn brought third party action against his general insurer, Casualty Reciprocal Exchange, alleging coverage under its policy. That insurer filed a motion for summary judgment based on lack of coverage under the policy for the hazard sued upon. Liss appeals.
The issue is purely of law involving interpretation of the policy. Liss contends that the policy is an “owners’, landlords’ and tenants’ liability insurance.” covering property damage liability arising out of the negligent acts of himself and his employees in the operation of the premises, and that it covers the damages to the landlord’s building sued for herein. He further contends that the exclusion relied upon by the insurance company is not applicable to these circumstances, and that at best the policy is confusing and ambiguous, and that it should be interpreted liberally in his favor, relying upon Albritton v. Fireman’s Fund Insurance Company, 224 La. 522, 70 So.2d 111 (La.1953) and Cooling v. United States Fidelity & Guaranty Company, 269 So.2d 294 (La.App. 3rd Cir. 1972).
We find no ambiguity or conflicts in the policy in relation to this hazard. The policy of insurance issued by Casualty Reciprocal Exchange to the insured contains the following exclusion upon which third party defendant relies:
“I. COVERAGE A — BODILY INJURY LIABILITY
COVERAGE B — PROPERTY DAMAGE LIABILITY
[[Image here]]
Exclusions
This insurance does not apply:
[[Image here]]
(k) to property damage to
(l) property owned or occupied by or rented to the insured, . .
We conclude the policy means exactly what it says, and this exclusion (k) is applicable to the case at bar. Accordingly, we affirm the judgment.

AFFIRMED.