KNOLL, Judge,
concurring.
I fully agree with the result reached in the majority opinion. I further find that it would be against public policy to allow Pilot Life Insurance Co. the protection of an exclusionary clause when this clause is not made known to the insured.
Vallardes v. Monarch Ins. Co., 282 So.2d 569 (La.App. 4th Cir.1973) and Humphries v. Puritan Life Ins. Co., 311 So.2d 534 (La. App. 3rd Cir.1975), also cited in the majority opinion, enunciate two cogent reasons why a 12-month policy limitation should be unenforceable when medical expenses clearly result from the original injury. ■
First, public policy is offended when financial loss influences medical treatment which would have been extended beyond the 12-month period. Humphries, supra, states:

“Policies should not be construed to force patients to undergo surgery that might not be necessary on pain of forfeiting coverage.”

Secondly, the primary purpose of the 12-month limitation is to assure that there exists a connexity between the required medical treatment and the accident which gave rise to the injury. When, as in the case at bar, there is no dispute that the first surgery (performed immediately after the injury) necessitated a second operation (for the removal of the metal arm plate and screws), there is no doubt that the medical treatment is the direct result of the accident.
Likewise this conclusion did not escape the trial judge’s observation when he stated:
“... I want to say that I think it’s unfortunate, and I’d like to say . .. that perhaps the School Board should look real closely at any other policy they consider. And, I think that perhaps it should be against public policy to permit . .. Pilot Life to get off the boat after the crisis has struck....”
Louisiana jurisprudence is replete with cases upholding the principle that exclusionary clauses should not be interpreted to effectuate results beyond their purpose. Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co., 158 La. 601, 104 So. 383 (La.1925); Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111 (La.1953); Grant v. Touro Infirmary, 254 La. 204, 223 So.2d 148 (La.1969).
LSA-R.S. 22:215 A(3)(g) embodies a third statement of public policy regarding blanket health and accident insurance issued in this state. This statute requires that:
“... The insurer shall furnish to the policyholder for delivery to the insured a certificate of insurance which shall disclose the benefits, limitations, exclusions and reduction contained in the policy .. .. ” (Emphasis added.)
This legislative mandate was discussed in Colvin v. Louisiana Hospital Service, Inc., 321 So.2d 416 (La.App. 2nd Cir.1975), writ denied, 323 So.2d 476. There it was determined that the declared purpose of this statutory requirement was to provide insured persons with sufficient information about the benefits, limitations and exclusions of their group policy.
The policy in the record identifies Vernon Parish Schools as the Policyholder. The policy further identifies the persons insured as being “those bona-fide students of the school or schools under the supervision of the Policyholder who are actively partid- *527 pating in the interscholastic sport of football ... and who have been identified to the Company by the Policyholder....”
Louisiana Revised Statute 22:215 A(3)(g) has mandated that Pilot Life Insurance Company provide the Vernon Parish Schools with a certificate of insurance for delivery to the insureds. The record is devoid of any indicia of Pilot’s compliance with this statutory requisite. The lone reference to this factual issue is raised in plaintiff’s affidavit in opposition to Pilot’s motion for summary judgment where he states:
“... at no time did appearer [Romano] have access to the insurance policy ... and at no time was ... [he] informed by Pilot Life Insurance Company or anyone else that there was an alleged time limitation of one year from the date of the accident for the payment of medical bills incurred; ...”
The Louisiana courts have voided insurance policy limitations which were in direct conflict with the state’s public policy. O’Donnell v. Fidelity General Ins. Co., 344 So.2d 91 (La.App. 2nd Cir.1977). In my opinion the 12-month limitation as applied to this case is contrary to Louisiana public policy, accordingly, this policy limitation should not be given effect.