KLEES, Judge.
Plaintiff-Appellants, the surviving parents of a deceased minor, seek recovery in tort for the personal injuries and wrongful death of their son.
Defendant-Appellee, Fidelity and Casualty Company of New York[1] filed a motion *211 for Summary Judgment alleging that their policy of insurance issued to defendants Car Clean Enterprises, Inc., Mr. Pride Car Wash and others excluded any liability or responsibility to an employee arising out of and in the course and scope of his employment by the insured or to any obligation for which the insured may be held responsible under any workmen’s compensation laws.
The portions of the policy on which they base the allegations are as follows:
I. GARAGE LIABILITY
Coverage G — Bodily Injury Liability. ..

Exclusions

This insurance does not apply, under the Garage Liability Coverages:
(c) to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation, unemployment compensation or disability benefits law, or under any similar law;
(d) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of the injury; but this exclusion does not apply to:
(1) any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law, or
(2) liability assumed by the insured under an incidental contract;
and,
Coverage J — Premises Medical Payments. ..

Exclusions

This insurance does not apply:
(a) under the Automobile Medical Payments Coverage, to bodily injury sustained by any employee of an insured under the bodily injury liability insurance arising out of and in the course of his employment by such insured;
(b) under the Premises Medical Payments Coverage, to bodily injury sustained by ...
(3)the named insured, or any partner therein or member thereof, or any employee of the named insured arising out of and in the course of his employment by the named insured;
The trial court granted defendant’s motion for summary judgment dismissing plaintiffs’ suit with prejudice with respect to defendant-appellee Fidelity and Casualty Company of New York only.
Plaintiffs appeal arguing that the District Court erred in granting summary judgment where there were genuine issues of material fact.
We agree and reverse.
The Mr. Pride Car Wash located at 4201 Old Gentilly Road is on property leased to the Press Drive Corporation by Jole, Inc. In January, 1978, Press Drive Corporation purchased the car washing equipment from Equipment Leasing of California. Press Drive Corporation owns the building and equipment at 4201 Old Gentilly Road.
A separate corporation, Car Clean Enterprises, Inc., manages the car wash, employs all of the workers and pays them.
Two minors, Calvin Santiago, age 16, and Jeffrey Bellamy, age 15, had been employed under an employment certificate for minors at Mr. Pride’s car wash. Some blue paint had spilled inside one of the storage rooms of the premises of the car wash at 4201 Old Gentilly Road. On Friday afternoon, April 13, 1979, Calvin Santiago’s time card was punched out at 6:02 p. m. The premises closed at 6:00 p. m.
At approximately 6:10 p. m. an accident occurred involving Jeffrey Bellamy and Calvin Santiago in which they went into one of the storage rooms purportedly to clean up some spilled paint with gasoline. Through some source of ignition, spontaneous combustion or some other cause, a fire and explosion occurred resulting in the death of both Jeffrey Bellamy and Calvin Santiago.
An examination of the pertinent allegations of appellant’s petition shows:
*212 9.
Car Clean Enterprises, Inc. at all times pertinent herein was doing business as Mr. Pride Car Wash at the premises at 4201 Old Gentilly Road. Roger D. Seay is the president of Car Clean Enterprises, Inc. and Nick Porter was the Manager of the Mr. Pride Car Wash located at 4201 Old Gentilly Road at all times pertinent herein.
13.
At the time of the accident, Calvin Santiago, age 16, and Jeffery Bellamy, age 15, were told by the manager of Mr. Pride Car Wash, Nick Porter to clean up some blue paint which had spilled in the Products Storage and Machine Room in the building which housed the Car Wash. Also stored in that room were brooms and cleaning cloths.
14.
Jeffery Bellamy and Calvin Santiago went to the Texaco pumps, pumped gasoline into a container which they brought back to the Products Storage and Machine Room where the paint had spilled.
15.
Plaintiffs’ deceased and Jeffrey Bellamy began cleaning up the paint and had just about finished when heat or a spark from an electric motor, one of the four electric motors in use at the time, caused a flash fire igniting the gasoline, the brooms and the cleaning cloths.
In their Amended petition, plaintiffs alleged the following:
27.
At all time pertinent herein, defendant Car Clean Enterprises, Inc., and/or Mr. Pride Car Wash were covered by one or more insurance policies with Continential Insurance Company.
28.
Jeffrey Bellamy and Calvin Santiago were instructed by the manager of Car Clean Enterprises and Mr. Pride Car Wash, Nick Porter to clean up the blue paint with gasoline.
29.
As such pursuant to LSA-R.S. 23:1032 as amended by Act 147 of 1976 Nick Porter and Car Clean Enterprises are liable for an intentional act in which they breached their duty not to injure Calvin Santiago by having him clean up paint in a closed room by using gasoline.
Plaintiffs argue that the question of whether or not the Manager of the car wash, Nick Porter, ordered the boys to clean up the blue paint with gasoline, was a material allegation of fact which would preclude handling this matter by Summary Judgment. Defendant counters by submitting the deposition of Roger D. Seay, the owner of the Mr. Pride Car Wash, wherein Seay testified at page 50 and 51 as follows:
Q. What did Mr. Porter tell you as to what happened?
A. Mr. Porter told me that when they were putting everything up, they had spilled something. Without his knowledge, they had gotten some gas in a small container. He walked into the room and told them to get the gas out. As soon as he walked right out of the room, the flames shot out. It blew up. He walked around the corner of the room. He said he hadn’t walked five feet. Everybody else had been in there, you know, because, here again, you’re putting everything, it was right at closing. It was right at 6:00 o’clock. Everybody was walking in and out. There was a huge double door. It had been open all day. I know that for a fact because I had been over there. The single door was open. It was completely louvered, it’s open all the way around. There’s no reason that anything would have even accumulated. No fumes should have accumulated in that room. This is a louvered room from one damn end to the other, okay?
*213 Q. And Nick Porter told you pretty much what had happened, he told you that this had happened?
A. Yes.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to material-fact, and that mover is entitled to judgment as a matter of law. La.Civ.P.Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979), at p. 1227; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers’ Surplus Line Co. v. City of Baton Rouge, supra.
It is apparent to this court that there is a substantial difference on the facts as plead by Plaintiffs in the original and amending petition and those submitted by defendant.
In order to escape the exclusiveness of worker’s compensation the plaintiffs must show that the defendant’s tort was an “intentional act”, La.R.S. 23:1032, Bazley v. Tortorich, 397 So.2d 475 (La.1981). To establish that the tort is intentional it is necessary to show that the co-employee and/or the employer ... desired the consequences of his acts or omissions or that he believed the consequences were substantially certain to result from them. Bazley, supra, at 482.
The plaintiffs contend that the manager of the Mr. Pride Car Wash, Nick Porter, ordered Calvin Santiago and Jeffrey Bellamy to clean the spilled paint with gasoline. Defendant responds through hearsay testimony by Seay, claiming that it was the sole idea of the two minors to use the gasoline and that the explosion occurred within seconds after the manager became aware of the boys’ actions and instructed them to get the gasoline out of the room.
Our inescapable conclusion is that there are facts in dispute in which the proof one way or the other is material to the outcome of the trial and should be presented on the merits.
 Where the court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Vermillion Corporation v. Vaughn, 397 So.2d 490 (La.1981). When reasonable minds can differ on whether the mover is entitled to judgment on the facts before the court the motion for summary judgment should be denied. Cates v. Beauregard, 328 So.2d 367 (La.1976). Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
Accordingly, the judgment of the trial court dismissing plaintiffs’ suit with prejudice with respect to Defendant Fidelity and Casualty Company of New York is reversed and the case is remanded for trial. Costs to be paid by Defendant-Appellee.
REVERSED AND REMANDED.

. Referred to in plaintiffs’ amending petition as Continential Insurance Company.