437 So.2d 971 (1983)
Mrs. Darryl SANTIAGO, et al.
v.
EQUIPMENT LEASING OF CALIFORNIA, et al.
No. C-1138.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1983.
Writ Denied November 18, 1983.
*972 Rene A. Curry, Jr., New Orleans, for relators.
Peter Liberto, New Orleans, for respondents.
Before REDMANN, C.J., and GULOTTA and LOBRANO, JJ.
REDMANN, Chief Judge.
Defendant insurer applies for review of refusal of summary judgment dismissing it from a suit for damages from the tragic injury and death of a 16-year-old employee of a car wash. Plaintiffs alleged that the car wash manager ordered the 16-year-old and a 15-year-old co-employee to use gasoline to clean up spilled paint in the car wash storage room containing electric motors, and that that order was an "intentional act" for which both the manager and the employer are liable (as an exception to the exclusivity of workers' compensation, La. R.S. 23:1032). The insurer was sued as insurer of the car wash employer, but the policy shows that it also insures employees, such as the manager whose act is alleged to have caused plaintiffs' damages.
We order entry of summary judgment of dismissal. Irrespective of whether the manager co-employee's order constituted an intentional act, and irrespective of whether the employer and the manager co-employee are therefore liable in tort, the clear provisions of the policy prevent holding the insurer liable, either as insurer of the employer or as insurer of the manager co-employee.
The simplest applicable provisions are policy exclusion (d) as to the employer and policy definition of insured as to the manager co-employee.
As to the employer, policy exclusion (d) and a similar medical payments exclusion deny the employer coverage against liability for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured...." There is no genuine dispute of material fact: plaintiffs' decedent was an employee of the insured employer, and his injury from using gasoline to clean his employer's premises arose "out of and in the course of his employment by the insured" employer. The exclusion could hardly be plainer: under our circumstances, the insurer cannot be held liable as insurer of the employer.
As to the manager co-employee, the policy definition of persons insured provides that "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment" is not an insured. There is no genuine dispute of fact as to whether plaintiffs' decedent was an employee of the insured employer, nor as to whether the manager whose alleged (intentional) tort caused the injury was a fellow employee, nor as to whether the manager was "engaged in the business of his employer" or the injured youth "in the course of his employment." Whether or not the injury was intentional, the policy definition of persons insured makes our alleged tortfeasor employee not an insured, and therefore the insurer cannot be held liable as insurer of the employee.
*973 The insurer's motions for summary judgment did not seek release from the suit so simply, however. An earlier motion for summary judgment urged the exclusivity of workers' compensation in addition to exclusion (d). The trial court granted that motion, but was reversed by another panel of this court, 420 So.2d 209 (La.App. 4 Cir. 1982), on the sole ground that a material dispute of fact existed over whether the manager had committed an intentional act by ordering the teen-age employees to use gasoline. The insurer's application for rehearing argued that the policy did not insure against liability for one's intentional acts, but only against liability from an "occurrence" of accidental injury "neither expected nor intended from the standpoint of the insured." The previous panel of this court denied rehearing on the basis that the application "raises an issue not argued nor briefed before this court or the trial court.... Nonetheless, this does not preclude [the insurer] from raising this issue in the trial court below." 420 So.2d at 212.
The insurer then again moved for summary judgment, adopting "in extenso" its previous motion but supplementing it with the argument of non-coverage of liability for injury "expected [or] intended from the standpoint of the insured." The net result is a somewhat complicated position for the insurer both (a) because the "expected [or] intended" provision would not exclude coverage of the liability of the manager co-employee for a non-intentional actalthough exclusivity of workers' compensation would exclude the insurer's liability as insurer of the co-employee by making the co-employee not liable in tortand (b) because, as plaintiffs well point out, that provision would not exclude coverage of the liability of the employer for an employee's intentional act (see Jones v. Thomas, 426 So.2d 609 (La. 1983)), because the injury from an employee's intentional act is not expected or intended "from the standpoint of the insured" employer (see Home Insurance Co. v. Degelos Brothers G. Corp., 315 So.2d 74 (La.App. 4 Cir.1975))although, again, policy exclusion (d) would exclude liability for an employer's intentional (or unintentional) injury of a co-employee though not of a third person. Despite the complicatedness of that reasoning, it, too, is correct.
Plaintiffs argue that both that more complicated reasoning and the simpler reasoning first set out are inadmissable, on the theory that the previous panel of this court rejected the insurer's exclusion (d) argument, and that this panel has no authority to reconsider the previous panel's decision. That theory is incorrect. The previous panel did quote exclusion (d) and the similar medical payments exclusion in full at the beginning of its opinion, but did not thereafter make any reference to those exclusions. It is evident that that panel recognized that exclusion (d) does not purport to exclude coverage of an employee's liability (which would exist if the manager's act were intentional), and therefore would not release the insurer as insurer of the manager. But that panel nowhere suggested that exclusion (d) would not release the insurer as insurer of the employer, and plaintiffs have not suggested any escape from exclusion (d)'s clear wording as to the employer.
Our conclusions are that, in respect to this claim for on-the-job injury to an employee, exclusion (d) prevents the insurer's being held liable as insurer of the employer, whether the manager's act was intentional or not; and that the definition of insured prevents the insurer's being held liable as insurer of the manager, whether his act was intentional or notin addition to which the insurer is correct in arguing that it is not liable as insurer of the manager for any intentional act by him because of the policy's non-coverage of injury "expected [or] intended" by him, and it is not liable as insurer of the manager for any unintentional act by him injuring a co-employee because of the exclusivity of workers' compensation, R.S. 23:1032.
Plaintiffs suggest that the insurer still cannot be dismissed because it "is also in this lawsuit as insurer of Press Drive Corporation" which is also a named insured. But plaintiffs' petitions did not mention the *974 name of that named insured, nor does their brief suggest any reason why Press would be liable for plaintiffs' damages. Plaintiffs' brief suggests that there was a contract between Press and the employer that discovery attempts have not produced, and that on that account dismissal of the insurer is premature. We respond that the insurer was never sued as the insurer of Press Drive and therefore can neither be "dismissed" nor retained as insurer of Press Drive.
Finally, plaintiffs object to this court's failure to afford them oral argument. This court's practice is to reject without awaiting response any writ application it deems not meritorious, and to request a written response to a writ application it deems possibly meritorious, and to have the Clerk's office explain to counsel of whom a response is requested that the court makes the request because it does deem the application to require a response. In this case plaintiffs filed a brief in response two days after the insurer's application. Moreover, plaintiffs filed a supplemental brief at our invitation when we noted our tentative conclusion that the definition of insured would eliminate the insurer's liability as insurer of the employee-manager. Then plaintiffs filed a second supplemental brief as a reply to applicant's supplemental brief. Plaintiffs have had ample opportunity to argue their position in writing and they have utilized it.
The ruling complained of is set aside and it is ordered that in lieu thereof the trial judge enter summary judgment dismissing Fidelity & Casualty Company of New York as a defendant in this matter.
LOBRANO, J., concurs with written reasons.
LOBRANO, Judge, concurring.
I concur in the result reached by the majority. I am satisfied that there is no coverage if the injury was the result of the negligence of the manager co-employee because of policy exclusion (d). I am also satisfied that if the injury was caused by the intentional acts of the manager co-employee there is no coverage. Jones v. Thomas, 426 So.2d 609 (La.1983) holds that there is a cause of action against an employer for the intentional acts of his employees in injuring a fellow employee. This "vicarious liability" of the employer is also recognized with respect to third party injuries. LeBrane v. Lewis, 292 So.2d 216 (La. 1974). However the question before us is not the employer's liability, but the liability of his insurer. That responsibility is governed by the insurance contract. Exclusion (d) excludes coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured..." Further, under the circumstances of this case, the manager co-employee does not fall within the policy definition of insured, and therefore there is no coverage. This does not mean that the co-employee manager, or the employer or both, may not be responsible.