607 So.2d 1067 (1992)
Amanda C. COWEN, et al., Plaintiffs-Appellees,
v.
MERCURY FINANCE COMPANY, et al., Defendants-Appellants.
No. 91-884.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Tillman & Anderson, F. Clay Tillman, Leesville, for defendant-appellantMercury.
Watson, Murchsion, Crews, Arthur & Corkern, Wm. P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Gold, Weems, Bruser, Sues & Rundell, Thomas Brocato, Alexandria, for defendant-appelleeAetna.
Before GUIDRY, J., and CULPEPPER and SALOOM, JJ. Pro Tem.
GUIDRY, Judge.
Defendant-third party plaintiff, Mercury Finance Company (Mercury), appeals a judgment of the trial court granting third party defendant, Aetna Casualty and Surety Company's (Aetna) motion for summary judgment dismissing Mercury's demands against Aetna, with prejudice. We affirm.
Plaintiff, Amanda Cowen, and defendant, Michael House, were both employed in the Leesville office of Mercury Finance Company, Ms. Cowen as collection manager and House as office manager. On June 22, 1988, Ms. Cowen allegedly suffered a battery at the hands of House, while both were acting in the course and scope of their employment. The June 22, 1988 incident prompted Ms. Cowen to file two different suits: (1) a worker's compensation action, which was settled by compromise; and, (2) the instant tort action.
At the time of the alleged battery, Mercury's worker's compensation carrier was *1068 Aetna. Aetna was also Mercury's general liability insurer under a separate policy of insurance. In response to this suit, Mecury filed a third party demand against Aetna demanding coverage and defense of the tort action under the general liability policy.
Aetna denied coverage under the general liability policy and answered Mercury's demands with a motion for summary judgment based upon two exclusionary provisions in the policy. The trial judge granted Aetna's motion for summary judgment. This appeal followed.
On appeal, defendant argues that the incident which forms the basis of plaintiff's claim created two causes of action, one in worker's compensation, which has been settled, and one in tort, which is the basis of this suit. Appellant argues "... that there is in this case a risk that Mercury Finance Company was exposed to, that they thought Aetna was insuring them against..." and "... that there is a genuine and material issue of fact as to what the intent of the parties was at the time the policy issued ...".
In Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988), the Louisiana Supreme Court reviewed the rules applicable to the interpretation of insurance policies stating:
"There are certain elementary legal principles which apply to the interpretation of insurance policies. An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La. 1979). If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (La.1953).
An insurance contract is to be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another. Benton Casing Service, Inc., v. Avemco Ins., 379 So.2d 225 (La.1979). If there is an ambiguity in a policy, then that ambiguity should be construed in favor of the insured and against the insurer. Albritton, 70 So.2d at 111. However, courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language. Monteleone v. American Emp. Ins. Co., 239 La. 773, 120 So.2d 70 (La.1960); Edwards v. Life & Cas. Ins. Co. of Tenn., 210 La. 1024, 29 So.2d 50 (La.1946).
* * * * * *
Policy provisions which limit the insurer's liability or place restrictions on policy obligations should be enforced unless they conflict with statutes or public policy. Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974); Livingston Parish School Bd. v. Fireman's Fund American Ins. Co., 282 So.2d 478 (La.1973)...."
In the case at bar, Aetna relies on two separate exclusionary provisions contained in the policy, provisions (i) and (j). These provisions state that the policy does not apply:
"(i) to any obligation for which the insured or any carrier as its insurer may be held liable under any workmen's compensation statute, unemployment compensation or disability benefits, or under any similar law;
[and]
(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injuries; this exclusion does not apply to liability assumed by the insured under an incidental contract ..." (Emphasis ours)
La.C.C.P. art. 966, which deals with summary judgments, states in part:
"... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The fact that the injury for which plaintiff seeks recovery occurred and arose out *1069 of and in the course and scope of her employment with Mercury is not disputed.
In Davis v. Oilfield Scrap and Equipment Company, Inc., 503 So.2d 674 (La. App. 3rd Cir.1987), this court was called upon to decide the same issue which is presented in this case, i.e., the granting of summary judgment by the trial court in favor of an employer's general liability insurer in a tort suit brought against the employer by an employee for damages allegedly sustained as a result of an intentional act by a co-employee. As in this case, Ms. Davis had also filed a worker's compensation claim against her employer which had been previously settled. The insurance policy in Davis, supra, contained the identical exclusionary provisions as are contained in Aetna's policy.
In affirming the trial court's granting of summary judgment in Davis, this court stated:
"The clear wording of provision (i) excludes coverage for those damages which are compensated under the worker's compensation statutes. With regard to this provision there is no genuine issue of material fact. It is not disputed that Oilfield Scrap and Equipment's worker's compensation insurer, Mentor Insurance Ltd., was held liable to Ms. Davis under the worker's compensation statutes. Davis v. Oilfield Scrap and Equipment Company, supra. Therefore, we conclude that the Continental Casualty policy does exclude coverage for the damages Ms. Davis recovered under worker's compensation.
The language of provision (j) denies the employer coverage for bodily injury to an employee arising out of and in the course of his employment with the employer. The intent of this provision is to extend the exclusion from coverage under the policy to all employees who suffer work related injuries, including those not covered under the worker's compensation statutes. This provision is not ambiguous. Also, there is no genuine issue as to material fact with regard to this provision. It is not disputed that Ms. Davis' bodily injury arose out of and in the course of her employment with Oilfield Scrap and Equipment. This being the case, we conclude that provision (j) also denies coverage for the damages due to bodily injury Ms. Davis suffered on the job, including any which were not covered under the worker's compensation statutes. See Santiago v. Equipment Leasing of California, 437 So.2d 971 (La.App. 4th Cir.1983), writ denied, 441 So.2d 1223 (La.1983).
* * * * * *
Since there are no genuine issues as to material fact, and since we conclude that the Continental Casualty policy denies coverage for the claims asserted here, we conclude that the trial court properly rendered judgment in favor of Continental Casualty. Accordingly, its judgment is affirmed."
Davis, supra, at 676, 677.
The language of provisions (i) and (j) are perfectly clear and unambiguous. In Davis, as in this case, they are the law between the parties and exclude the insurer's liability under the circumstances. See also Santiago v. Equipment Leasing of California et al, 437 So.2d 971 (La.App. 4th Cir.1983), writ denied, 441 So.2d 1223 (La.1983).
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against third party plaintiff, Mercury Finance Company.
AFFIRMED.