683 So.2d 880 (1996)
Rosalinda BRYANT
v.
Mike MOTWANI a/k/a Kishore V. Motwani and Giani Investment Co.
No. 96-CA-1351.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1996.
*881 Philip E. James, Jr., Brian B. Rippel, New Orleans, for Appellants/Third-Party Plaintiffs.
John I. Hulse IV, Gwendolyn S. Hebert, Hulse & Wanek, New Orleans, for Appellee/Scottsdale Insurance Company.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendants Kishore V. "Mike" Motwani and Giani Investment Co. seeks reversal of a trial court judgment granting a motion for summary judgment in favor of their insurance company, Scottsdale Insurance Co., and dismissing their action against Scottsdale. For the reasons set forth below, we affirm the judgment of the trial court, finding that the policy at issue provides no coverage under the facts of this case, and that the insurer, therefore, has no duty to defend.

Facts and procedural history
Plaintiff Rosalinda Bryant was employed at a small retail outlet in the French Quarter known as "Shell World," which was owned and operated by Giani Investment. In her petition, Ms. Bryant alleges that on the afternoon of March 11, 1991[1], Motwani, without provocation, accused her of theft and verbally abused her with a litany of vile and profane language. As a result of this confrontation, Ms. Bryant claims to have suffered severe and debilitating physical and emotional distress. Thus, she filed both a worker's compensation claim[2] and this tort action, claiming damages for both negligent and intentional infliction of emotional distress.
Giani Investment and Motwani forwarded timely notice of the instant suit to their comprehensive general liability insurer, Scottsdale, which refused to acknowledge coverage or provide a defense. Giani Investment and Motwani then answered Bryant's petition on April 20, 1992. At the same time, they filed a third-party petition against Scottsdale, seeking indemnity for any judgment rendered against them. Scottsdale answered the petition on June 24, 1993, pleading the affirmative defense of lack of coverage for the incidents alleged.
Eventually, Bryant made Scottsdale a direct defendant by filing a supplemental and amending petition on April 13, 1995. Scottsdale, in its answer to this petition, made the following allegations: (1) that the incidents alleged in the petition were specifically excluded from coverage, (2) that Bryant was contributorily and comparatively negligent, *882 and (3) that the claim had prescribed on its face.[3]
Motwani and Giani Investment filed a motion for summary judgment on March 19, 1996, claiming that Scottsdale owed them both coverage and a defense under the insurance policy. On March 26, 1996, Scottsdale supplemented and amended its answer to the third party petition, adding the specific language of the policy exclusions upon which relied in denying coverage. A few days later, on April 1, 1996, Scottsdale filed a motion for summary judgment contending that coverage of the defendants was excluded due to the "bodily injury" provisions of the policy. After hearing the respective motions, the trial court rendered judgment in favor of Scottsdale on April 25, 1996. The court found that the incident claimed by the plaintiff was excluded from coverage under the terms of the policy. Motwani and Giani Investment appealed.

Scottsdale's insurance policy
Scottsdale issued to Motwanes, America, Inc. a Broad Form Comprehensive General Liability Policy which was in effect at the time of the incident. Giani Investment and Motwani were each listed as named insureds under the policy. However, Scottsdale contends, the injuries alleged by the plaintiff in this case are excluded from coverage under the policy for the following reasons: (1) the policy does not cover bodily injury suffered by an employee during the course of his employment, and (2) the policy does not cover bodily injury for which the insured may be held liable as an employer under workmen's compensation, unemployment compensation, or disability benefits.
The declarations page of the policy reveals that the insurer agreed to pay for (A) bodily injury liability and (B) property damage liability, subject to the exclusion in the Amendatory Endorsement, which provides that an employee is not covered for bodily injuries suffered during the course of his employment or for injuries for which the employer may be liable in some other capacity. The Amendatory Endorsement replaced section (j) in the policy exclusion. Also applicable to this case is exclusion (i) which excludes coverage for worker's compensation or similar benefits.[4]
The policy also includes the Broad Form Endorsement, designated as Section IX, which modifies the "Persons Insured" provision. The "Persons Insured" provision denoted as section II reads as follows:

II. PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
(a) if the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;
The Broad Form Endorsement added the following language:

IX. ADDITIONAL PERSONS INSURED
As respects bodily injury, property damage, and personal injury and advertising injury coverages, under the provision "Persons Insured", the following are added as insureds:
(B) EmployeeAny employee (other than executive officers) of the named insured while acting within the scope of his duties as such, but the insurance to such employee does not apply:
(1) to bodily injury or personal injury to another employee of the named insured arising out of or in the course of his employment;

Coverage
An insurance policy is a contract and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Louisiana Insurance Guaranty Ass'n v. Interstate Fire & *883 Casualty Co., 93-0911 p. 5 (La. 1/14/94/), 630 So.2d 759, 763. Policy provisions which limit the insurer's liability or place restrictions on policy obligations should be enforced unless they conflict with statutes or public policy. Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974); Cowen v. Mercury Finance Co., 607 So.2d 1067 (La.App. 3d Cir.1992). If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (La.1953). An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Interstate, 93-0911 p. 5, 630 So.2d at 763.
Under the plain language of the policy, no coverage is provided for injuries received during the course of employment. The exclusionary clauses contained in the Scottsdale policy are not unusual, and summary judgments in favor of insurers have been granted in cases involving similar exclusions. For example, in a recent case where the office manager committed a battery on a co-worker, the court granted the insurer's motion for summary judgment on finding that no coverage existed because of the two exclusionary provisions in the policy. Cowen v. Mercury Finance Co.. 607 So.2d 1067 (La. App. 3rd Cir.1992).
Likewise, in Santiago v. Equipment Leasing, 437 So.2d 971 (La.App. 4th Cir.1983), writ denied, 441 So.2d 1223 (La.1983), the court refused to hold the insurer liable under similar circumstances because the worker received his fatal injuries during the course of his employment. The plaintiffs had accused the employer car wash manager of intentionally harming the teen-ager because the manager ordered him to use gasoline to clean up spilled paint in a storage room containing electric motors. Without determining whether the manager's conduct was intentional, the court refused to hold the insurer liable as the insurer of the manager co-employee because the policy definition of "Persons Insured" excluded coverage for bodily injuries received from fellow employees.
The court in Davis v. Oilfield Scrap and Equipment Company, Inc., 503 So.2d 674 (La.App. 3rd Cir.1987) also found that no coverage was provided by an employer's comprehensive liability policy for injuries that arose during the course of employment or compensated under worker's compensation statutes. The plaintiff, a personal secretary to the chief executive officer of her employer, filed a claim in tort and worker's compensation claim, alleging that she developed a severe psychiatric disorder after witnessing the suicide of her boss. Interpreting an exclusion strikingly similar to that of the Scottsdale policy in the instant case, the court ruled that the intent of the provision was "to extend the exclusion from coverage under the policy to all employees who suffer work-related injuries, including those not covered under the worker's compensation statutes." Davis, 503 So.2d at 676.
Giani Investment and Motwani contend, however, that the Scottsdale policy at issue in this case covers both claims for "bodily injury" and claims for "personal injury." They also argue that because Ms. Bryant's injuries are of a mental nature, they fall outside the definition of bodily injury, and are a personal injury instead. Appellant misreads the coverage of the Scottsdale policy. The Scottsdale policy excludes personal or advertising injury resulting from libel, slander, or defamation in Sections II(B)(3) and II(b)(4) of the Broad Form Endorsement. Further, Section IX(B)(1) of the endorsement excludes bodily injury or personal injury arising out of the course of employment.
Moreover, our decision in Ellis v. Transcontinental Ins. Co., 619 So.2d 1130 (La.App. 4th Cir.1993) is inapplicable to this situation. The insurers in Ellis provided a much broader range of insurance coverage (commercial catastrophe umbrella third-party liability insurance, workers compensation, and employer's liability insurance) to the employer than Scottsdale, and the plaintiff's claims against the employer were much more extensive than is the case here. Thus, the appellant's attempt to characterize Ms. Bryant's damage *884 claims as a personal injury do not influence the outcome.

Duty to defend
Scottsdale contends that the issue of its duty to defend Motwani and Giani Investment has never been joined and is not properly before this court. We disagree. Scottsdale is correct in its contention that Motwani and Giani Investment included this issue in their supplemental and amending answer and third party petition filed on April 16, 1996, which was four days after the April 12th hearing on the cross summary judgment motions.[5] But Scottsdale failed to note that the appellants had already raised the issue of a duty to defend in the summary judgment motion filed on March 19, 1996.
Under C.C.P. Art. 852, the pleadings allowed in civil actions include "petitions, exceptions, written motions and answers." Thus, the filing of the written summary judgment motion by Giani Investment and Motwani expanded their pleadings to include the duty to defend issue. The purpose of a pleading is to inform the opponents of the issues, in order to give them an opportunity to present evidence in support of their contentions, and to avoid placing the opponents at a disadvantage by surprise. Appellee was served with the written motion almost a month before the hearing, and the issue has been extensively discussed in the memoranda and brief filed by Giani Investment and Motwani.
In its judgment, the trial court failed to state reasons for its judgment or to delineate the issues considered, but simply dismissed the action against Scottsdale. Because this court is authorized under La. C.C.P. art. 2164 to render any judgment which is just, legal, and proper upon the record on appeal, we will consider the duty to defend issue in the interest of deciding all the issues raised by the parties. Both litigants have had an opportunity to present evidence in support of their respective positions; neither will be placed at a disadvantage by the element of surprise.
An insurer's duty to defend is broader than its liability for an adverse judgment. The insurer's duty to defend is determined by comparing the allegations of the plaintiff's complaint with the terms of the policy; the insurer generally has a duty to defend unless the allegations in the complaint unambiguously exclude coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969). The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. See Collier v. Williams-McWilliams Co., Inc., 459 So.2d 719, 724 (La.App. 4th Cir.1984). The plaintiff's complaint against the insured is examined with the assumption that all the allegations are true. West Brothers of DeRidder v. Morgan Roofing, 376 So.2d 345, 348 (La.App. 3d Cir.1979). Where the pleadings, taken as true, allege both coverage under the policy and liability of the insured, the insurer is obligated to defend, regardless of the outcome of the suit or the eventual determination of actual coverage. American Home at 259, 230 So.2d 253.
All of the injuries alleged by the plaintiff in her petition occurred during the course of her employment, while she was engaged in her duties as an employee. She was involved in a verbal dispute with Motwani, whom she identifies as her supervisor. All of the damages that she has incurred were caused by Motwani's actions, according to her petition. Motwani is identified as an employee of Giani Investment in the petition. The fact that Motwani submitted an affidavit indicating that he is an executive officer of Giani Investment, thus bringing him within the "Persons Insured" policy provision, does not change the outcome with regard to the duty to defend. Considering the allegations of the petition and the fact that the "bodily injury" exclusions are stated on the face of the policy, clearly no policy coverage exists for the incident in question. Thus, Scottsdale had no duty to defend Motwani and Giani Investment in the claim filed by Ms Bryant.
*885 For the reasons stated herein, the judgment of the trial court is AFFIRMED.
AFFIRMED.
NOTES
[1] Although the original petition stated the date of injury as March 11, 1990, this was apparently an error. The correct day of the injury was March 11, 1991, according to the deposition of Rosalinda Bryant attached as Appendix 8 to appellee's brief. See pages 13, 14, 15, 16, 17, 19 and 20.
[2] Bryant v. Giani Investment Co., 626 So.2d 390 (La.App. 4th Cir.1993), writ denied, 634 So.2d 852 (La.1994). On appeal, this court affirmed the denial of her worker's compensation claim on October 14, 1993. Mrs. Bryant was not able to prove by clear and convincing evidence, that her work-related mental injury was caused by "extraordinary stress".
[3] See footnote 1.
[4] This exclusion provides that insurance will not apply "to any obligation to which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law."
[5] Scottsdale was served with this pleading on April 24, 1996. Scottsdale contends in its brief that it has never filed an answer to this pleading (see appellee brief, page 2), and there is no answer in the appeal record.