# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-31238
Summary Calendar

DELTA COMPUTER CORP,

Plaintiff,

VERSUS

WALTER J FRANK JR, ET AL ,

Defendants,

TEC SERVICES, INC, et al., formally known as TEC Communication Services; BAY SPRINGS TELEPHONE CO, INC, wholly owned subsidiary of Telephone Electronics Corp,

Defendants-Appellants,

TELEPHONE ELECTRONICS CORP; COMMUNIGROUP OF ALABAMA, INC, wholly owned subsidiary of Communigroup, Inc; LECNET, INC, formerly known as Communigroup of the Gulf Coast, Inc; COMMUNIGROUP, INC, wholly owned subsidiary of Telephone Electronics Corp; COMMUNIGROUP OF JACKSON, INC., wholly owned subsidiary of Communigroup Inc; CROCKETT TELEPHONE CO., INC, wholly owned subsidiary of Telephone Electronics Corp; COMNET INC, wholly owned subsidiary of Telephone Electronics Corp; NATIONAL TELEPHONE OF ALABAMA, INC, wholly owned subsidiary of Telephone Electronics Corp; COMMUNIGROUP OF NORTH ALABAMA, INC, Partially owned subsidiary of Communigroup Inc.; PEOPLES TELEPHONE CO, INC, wholly owed subsidiary of Telephone Electronics Corp; ROANOKE TELEPHONE CO, INC, wholly owned subsidiary of Telephone Electronics; TECNET INC, wholly owned subsidiary of Telephone Electronics Corp; TELEPHONE ELECTRONICS CORP WEST, wholly owned subsidiary of Telephone Electronics Corp; VIDEO INC, wholly owned subsidiary of Telephone Electronics Corp; VARTEC TELECOM, INC, formally known as Vartec National, Inc; WEST TENNESSEE TELEPHONE CO, INC, wholly owned subsidiary of Telephone Electronics Corp,

Defendants - Third Party
Plaintiffs - Appellants,

UNITED STATES FIRE INSURANCE CO,

Third Party Defendant -
Appellee.

Appeals from the United States District Court
for the Western District of Louisiana

December 2, 1999

1

Before REYNALDO G. GARZA, HIGGINBOTHAM, and, JONES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an insurance coverage dispute that arose from a copyright infringement case. The underlying copyright litigation began in July 1996, when Delta Computer Corporation ("DCC") filed suit alleging that Delta Computer Leasing, LM Data, Walter L. Frank and other partners of LM Data, Telephone Electronics Corporation ("TEC") , and thirty TEC subsidiaries, misappropriated DCC's copyrighted computer software. DCC developed, for the purpose of generating long distance resale bills, a computer program to record the identity of long distance callers and the length of long distance calls. The computer program also allowed for the inclusion of advertisements along with the text of the bills.

The TEC parties, defendants and third party plaintiffs, filed suit against United States Fire Insurance Company ("US Fire"), alleging that DCC's claim against the TEC parties was covered under its Commercial General Liability Coverage policy. US Fire denied that the policy insured the TEC parties against DCC's claim and filed a motion for summary judgment, which the District Court granted. The underlying dispute between DCC and the TEC parties has since been settled without the participation of US Fire. This appeal of the District Court's ruling on US Fire's motion for summary judgment followed.

## II. STANDARD OF REVIEW

Courts of Appeals review summary judgments *de novo*, applying the same standard as the district courts. Fed. R. Civ. P. 56. If the pleadings, answers to interrogatories, admissions and affidavits on file indicate no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *Little v. Liquid Aid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); Fed. R. Civ. P. 56. When the burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Celotex Corp.*, 477 U.S. at 322; Fed. R. Civ. P. 56(c).

### III. DISCUSSION

Under controlling Louisiana substantive law, courts must determine coverage and the duty to defend based solely upon the factual allegations on the face of the complaint as compared with the terms of the policy. *Bryant v. Motwani*, 683 So.2d 880 (La. Ct. App. 4th Cir. 1996). When a complaint alleges facts that, if assumed to be true, would support a claim for which coverage is not unambiguously excluded, the duty to defend arises. *Complaint of Stone Petroleum Corp.*, 961 F.2d 90 (5th Cir. 1992). There must be a potential for recovery by the plaintiff as well as coverage under the policy for the insurer to be bound by a duty to defend. *American Home Assurance Company v. Czarniecki*, 230 So.2d 253 (La. 1969).

Under the insurance policy terms, US Fire agreed to cover the TEC parties against advertising injury liability.[1]0. This Court relies on Policy #5430674601.[2] The Fifth Circuit,

---

[1] The policy provides that:

> This insurance applies to: . . .
> (2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;. . . (R. 69, exh. A)

The policy also states that:

"Advertising injury" means injury arising out of one or more of the following offenses:
        a.    Oral or written publication or material that slanders or libels a person or                     organization or disparages a person's or organization's goods, products or

3

applying Texas law and considering policy language identical to that presently at issue, held that a policy covering advertising injuries *in the course of advertising* the insured's products or services did not cover a complaint alleging that the insured infringed the plaintiff's copyrights by using its written work without authorization. *Sentry Insurance v. RJ. Weber Co., Inc.*, 2 F.3d 554 (5th Cir. 1993). The Court found that there must be a connection between the copyright claims and the insured's advertising activity. *Sentry Insurance*, 2 F.3d at 557.

No such causal connection exists in the case at bar, and the coverage requirements of Louisiana law are not met because the underlying pleading states nothing about advertising. DCC did not complain of any injury suffered in the course of the TEC parties' advertising, nor could a reference to advertising be fairly inferred from the language of the pleadings; rather, DCC's claim is essentially for infringement of its copyrighted software program, which was developed primarily for billing purposes, not for advertising activity. Although the software included a feature that allowed the bills generated to include advertisements, any advertising done through use of the software is incidental to DCC's core complaint.

In *Sentry Insurance*, 2 F.3d at 557, this court held that there was no link to any advertising activities as a matter of law because the injury could have occurred independent of any advertising by the appellants. In the present case, DCC's copyright infringement claim stands on its own because even if the TEC parties had never discovered or used the software advertising feature in the course of their billing activity, DCC could still have suffered the same injury and asserted the same software copyright infringement claim.

This court therefore concludes as a matter of law that US Fire has no duty to defend the TEC parties and that DCC's underlying claims are excluded from coverage by the insurance

```
              services.;
              b.    Oral or written publication of material that
violates a person's right of                    privacy;
              c.    Misappropriation of advertising ideas or
style of doing business; or
              d.    Infringement of copyright, title or slogan.
Id.
```

policy's advertising injury liability provisions.  Accordingly, we AFFIRM the district court's decision.