IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60386

Summary Calendar
_____


MCC INC; H E MCGREW INC; MCGREW CONSTRUCTION COMPANY INC


                              Plaintiffs-Appellants

v.


SHELTER MUTUAL INSURANCE CO, doing business as Shelter
Insurance Co

                              Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:99-CV-764-WS
_____
December 23, 2002
Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

    The instant appeal concerns an insurer's duty to provide a

defense pursuant to a general liability insurance policy.  As it

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

is readily apparent that our decision in <u>Delta Computer Corp. v. Frank</u>, 196 F.3d 589 (5th Cir. 1999), governs this case, we find that summary judgment was proper and affirm.

## I. Factual and Procedural History

On August 18, 1998, Delta Environmental Products brought suit against H.E. McGrew, Inc. and McGrew Construction Co., Inc., claiming in the underlying complaint ("Complaint") that H.E. McGrew and McGrew Construction falsely described and misrepresented one of its products when marketing it to the public.  The Complaint alleged, <u>inter alia</u>, a violation of the Lanham Act, 15 U.S.C. § 1125(a) (1994), and common-law fraud. The underlying lawsuit was ultimately dismissed.

On October 28, 1999, Plaintiffs-Appellants MCC, Inc., H.E. McGrew and McGrew Construction (together "MCC"), all Louisiana entities, brought this suit against Defendant-Appellee Shelter Mutual Insurance Co. d/b/a Shelter Insurance Co. ("Shelter Insurance"), a Mississippi entity, in federal court claiming that Shelter Insurance had a duty to defend it in the underlying action.  Shelter Insurance subsequently moved for summary judgment.

The district court granted Shelter Insurance's motion. Relying on several cases from both state and federal courts, the district court found that no duty to defend arose out of the misrepresentation claims because a reference to advertising was not made in the Complaint and moreover, no averment otherwise

2

implicated the "advertising injury" provisions of the General Liability Policy ("Policy").  MCC appeals the district court's grant of summary judgment.

## II. Standard of Review

We review the district court's grant of summary judgment to Shelter Insurance de novo, using the same standards as the district court.  Delta Computer, 196 F.3d at 590.  If the pleadings, answers to interrogatories, admissions, and affidavits on file all indicate no genuine issue of material fact, the moving party is entitled to judgment as a matter of law.  Id.  After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment should be granted.  Id.

## III. Discussion

On appeal, MCC argues that the Policy specifically affords it coverage for defined types of "advertising injury" that are caused by an "offense committed in the course of advertising [MCC's] goods, products, or services."  The Policy also provides that Shelter Insurance would "pay those sums that the insured becomes legally obligated to pay as damages because of [the] ... 'advertising injury' to which this insurance applies."  In the Complaint, Delta Environmental Products alleged that MCC (1) misappropriated ideas or style of doing business and (2) infringed copyright, title, or slogan in violation of § 1125(a) of the Lanham Act; these allegations represent, according to MCC,

3

the very kind of advertising injuries defined in the Policy.  MCC argues that because the underlying pleading alleged acts of advertising implicating the Policy-defined "advertising injury," Shelter Mutual's duty to defend under Louisiana law was triggered.[1]

In Delta Computer, this court held that under Louisiana law, an insurance policy covering advertising injuries in the course of advertising the insured's products or services did not cover a complaint alleging that the insured infringed the plaintiff's copyrights by using its written work without authorization.  Id. at 591.  The Delta Computer court concluded that no "causal connection" existed between the underlying complaint and the insured's advertising activities when the pleadings (1) did not expressly reference advertising, (2) failed to make any reference to any injury suffered in the course of the insured's advertising, or (3) could not support a fair inference of a reference to advertising.  Without such a causal connection, no duty to defend arises.  Id. (citing Sentry Ins. v. R.J. Weber Co., Inc., 2 F.3d 554, 557 (5th Cir. 1993)).

Delta Computer compels that we affirm.  Since Louisiana courts determine the duty to defend solely upon the factual allegations made in the underlying pleadings and the face of the

---

[1]  As a preliminary issue, we agree completely with the district court's choice of law determination that Louisiana law applies to the instant dispute.

policy, e.g., Bryant v. Motwani, 683 So.2d 880, 884 (La. Ct. App. 4th Cir. 1996), the Complaint's failure to refer to advertising or any injury suffered in the course of MCC's advertising, along with the Policy's incorporation of the same language as was used in the Delta Computer insurance policy, makes this case indistinguishable from Delta Computer.[2]

We pause only to consider whether the Complaint's single reference to the Lanham Act permitted an inference that the Complaint alleged an "advertising injury." Contrary to MCC's contentions, there is no support for this proposition. The Lanham Act encompasses more than actions arising out of false advertising; this court has stated: "The focus of the Lanham Act" is not only on the "commercial interests [that] have been harmed by a competitor's false advertising," but also in "secur[ing] to the business community the advantages and reputation and good will by preventing their diversion from those who have created them to those who have not." Proctor & Gamble Co. v. Amway Corp., 242 F.3d 539, 563 (5th Cir. 2000). The statutory text of § 1125(a) reflects this notion, as it includes a provision prohibiting misleading advertising, 15 U.S.C. § 1125(a)(1)(B), as

---

[2] In Delta Computer, the underlying complaint alleged misappropriation of copyrighted computer software, id. at 590, while, in the instant Complaint, Delta Environmental Products alleged false descriptions and representations of certain aerobic treatment units. The only relevant fact for the current inquiry is that neither complaint referenced, either explicitly or implicitly, advertising.

5

well as a distinct provision prohibiting general false or misleading misrepresentation that is likely to cause confusion, mistake, or deception.  Id. § 1125(a)(1)(A).  Mere reference to the words "Lanham Act," without more, cannot compel a conclusion that the Complaint refers to advertising.

The Complaint's mention of the Lanham Act does not suffice for coverage, and no reference to advertising — whether express or implied – was made in the Complaint.  Hence, as a matter of law, the underlying claims in the Complaint were excluded from coverage under the Policy's advertising injury provisions and thus, Shelton Insurance had no duty to defend.

We AFFIRM the district court's judgment.