JAMES F. McKAY III, Judge.
_JjIn this insurance coverage case, the plaintiff, Crystal Haun, and the defendants, Gary Cusimano, Frank A. Cusima-no, Jr., Dana Cusimano Farley, Carin Cusimano Evans, Marie Cusimano, and Cusimano, Inc., appeal the trial court’s granting of summary judgment in favor of the defendant, Continental Casualty Company. We affirm.
FACTS AND PROCEDURAL HISTORY
On December 16, 2006, Crystal Haun fell from the balcony outside of the entrance to her Burgundy Street apartment in New Orleans when the balcony’s railing gave way. As a result of the fall, Ms. Haun alleges that she sustained numerous injuries, including contusions of the brain, bilateral occipital fractures, and permanent brain injuries.
Ms. Haun’s apartment was located in a building owned by siblings, Gary Cusima-no, Frank A. Cusimano, Jr., Dana Cusima-no Farley, and Carin Cusimano Evans; their mother, Marie Cusimano, had a usu-fruct of the property. Navigators Insurance Company issued a liability policy with limits of $500,000.00 per |2occurrence to the Cusimanos. The building was managed on the owners’ behalf by Cusimano, Inc. and Gary Cusimano. Their management services consisted of maintenance of the property and leasing of the apartments. Gary Cusimano has been a licensed real estate agent in Louisiana since 1996 and a licensed real estate broker since 1998. Continental Casualty Company had issued an errors and omissions (E & O) policy in the amount of $100,000.00 per claim to Cusimano, Inc. and Gary Cu-simano.
On November 29, 2007, Ms. Haun filed a petition for damages against Frank Cusi-mano, Jr., Gary Cusimano, Cusimano, Inc., and XYZ Insurance Company. On September 29, 2010, Ms. Haun filed an amended petition, naming Marie Cusimano, Dana Cusimano Farley, Carin Cusimano Evans, Continental Casualty Company, and Navigators Insurance Company as additional defendants. On November 19, 2010, Continental filed a motion for summary judgment alleging that its policy excludes coverage based on bodily injury. Both the plaintiff and the Cusimano defendants opposed this motion. On April 15, 2011, the trial court granted Continental’s motion in open court. The trial court issued a written judgment on April 29, 2011, and designated it as a final appealable judgment pursuant to La. C.C.P. art. 1915(B). It is from this judgment that both the Cusima-no defendants and the plaintiff now appeal.
DISCUSSION
The issue before this Court is whether Continental’s motion for summary judgment was properly granted.
^Appellate courts review summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of *86 material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must “make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden-of proof at trial.” La. C.C.P. art. 966(C).
Section VI. E of Continental’s policy states: “This Insurance does not apply to any Claim alleging, arising from or related to: ... E. bodily injury, sickness,_Jjdisease, mental anguish, pain or suffering, emotional distress ...” By its own words, Continental’s policy would not cover Ms. Haun’s claim for her injuries from the fall. This Court has found that the bodily injury exclusion bars coverage for lawsuits alleging bodily injury and emotional distress. See Burmaster v. Plaquemines Parish Govt., 2010-1543 (La.App. 4 Cir. 3/30/11), 64 So.3d 312; Bryant v. Motwani 96-1351 (La.App. 4 Cir. 10/30/96), 683 So.2d 880. Furthermore, policy provisions limiting the insurer’s liability or restricting policy obligations should be enforced unless they conflict with statutes or public policy. Pareti v. Sentry Indem. Co., 536 So.2d 417, 421 (La.1988).
In the instant case, Continental’s E & O policy contains an exclusion for bodily injuries. There is nothing about this exclusion that conflicts with any statute or that is contrary to public policy. Under the Louisiana Real Estate Law, licensed real estate brokers are required to carry E & O insurance to cover real estate activities set forth in the license law. See La. R.S. 37:1466(A). These activities include managing or leasing real estate on behalf of another. La. R.S. 37:1431(7)(a). There is nothing in the law that would require an E & O policy to cover bodily injuries; the policies are more geared toward covering a broker for a negligent act, error or omission in the performance of or the failure to perform professional services and not so much for the condition of a piece of immovable property. That being said, Continental’s policy clearly states that there is an exclusion for bodily injuries. There is no dispute as to that. There is also no question that Ms. Haun’s claim would fall into the category of bodily injuries. Accordingly, there are no | ^genuine issues of material fact. Therefore, the trial court correctly determined that Ms. Haun’s claim was not covered by Continental’s E & O policy and as such Continental was dismissed from the case.
CONCLUSION
As there are no genuine issues of material and Continental was entitled to judgment as a matter of law, we affirm the trial court’s granting of summary judgment.
AFFIRMED